CHRISTINE M. BOOZE
Nevada Bar No. 7610
JONATHAN L. POWELL
Nevada Bar No. 9153
WINNER & SHERROD
1117 South Rancho Drive
Las Vegas, Nevada 89102
Phone (702) 243-7000
Facsimile (702) 243-7059
cbooze@winnerfirm.com
jpowell@winnerfirm.com

*Attorneys for Paul Michael Strand*
*Mountain West Milk Transport Corporation*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MALKIEL TRIANAMARANTE, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> PAUL MICHAEL STRAND, an individual; MOUNTAIN WEST MILK TRANSPORT CORPORATION, a domestic corporation, DOES I through , an individual, EWX-; and ROE CORPORATIONS I through XX, inclusive, <br><br> Defendants. | CASE NO.: <br><br> **DEFENDANTS' PETITION FOR REMOVAL TO FEDERAL COURT** |

Defendants PAUL MICHAEL STRAND and MOUNTAIN WEST MILK TRANSPORT CORPORATION, (hereinafter collectively referred to as "defendants"), by and through their counsel of record, the law firm WINNER BOOZE & ZARCONE, hereby submit the instant Petition for Removal to the United States District Court in accordance with 28 U.S.C. §§ 1332, 1441 and 1446.

Removal is warranted under 28 U.S.C. § 1332(a)(1) because this is a civil action between citizens of different states and the amount in controversy, upon information and belief, exceeds the sum or value of $75,000, exclusive of interest and costs.

. . .

In support of this Petition for Removal the defendants state as follows:

I.

On April 26, 2022, plaintiff MALKIEL TRIANA MARANTE (hereinafter as "plaintiff") filed the above-entitled action in the Eighth Judicial District Court of Clark County, Nevada, Case No. A-22-851677-C, assigned to Department 14 (herein "the State Court Action").

II.

On April 28, 2022, plaintiff served the summon and complaint upon defendant Mountain West Milk Transport Corporation in accordance with 28 U.S.C. § 1446(a), a true and correct copy of the affidavit of service is attached as Exhibit "A." A copy of the complaint in the State Court Action is attached as Exhibit "B."

III.

On April 29, 2022, plaintiff served the summon and complaint upon defendant Paul Michael Strand. In accordance with 28 U.S.C. § 1446(a), a true and correct copy of the affidavit of service is attached as Exhibit "C." A copy of the complaint in the State Court Action is attached as Exhibit "B."

IV.

The complaint alleges plaintiff "is and was a resident of the County of Clark, State of Nevada." *See* Exhibit B, ¶3.

V.

The complaint alleges defendant PAUL MICHAEL STRAND "is and was, at all times relevant to these proceedings, a resident of Iron County, State of Utah." *See* Exhibit B, ¶4.

VI.

The complaint alleges defendant MOUNTAIN WEST MILK TRANSPORT CORPORATION "is, and was, at all times relevant to these proceedings, licensed to do business in and domiciled in Iron County, State of Utah." *See* Exhibit B, ¶5.

. . .

. . .

VII.

These allegations are correct, Nevada is not the domicile of any of the defendants in the instant matter.

VIII.

Defendant MOUNTAIN WEST MILK TRANSPORT CORPORATION incorporated in Utah.

IX.

Defendant PAUL MICHAEL STRAND is, and was, a resident of Utah.

X.

The ROE and DOE defendants in this action have not been identified and are merely nominal parties without relevance to the action.

XI.

There are no matters pending in the State Court Action that require resolution by this court.

XII.

Because this is a civil action between citizens of different states involving an amount in controversy in excess of $75,000, exclusive of interest and costs, removal of this matter is proper pursuant to 28 U.S.C. § 1332.

XIII.

This action is one over which the United States District Courts have original jurisdiction by reason of the diversity of citizenship of the parties.

XIV.

Pursuant to 28 U.S.C. § 1446(d), defendants have contemporaneously filed a copy of this Petition for Removal with the clerk of the Eighth Judicial District Court in Clark County, Nevada and has provided a written notice to plaintiff by serving a copy of the instant Petition for Removal on counsel for plaintiff.

. . .

## DIVERSITY OF CITIZENSHIP

XV.

Upon information and belief, plaintiff is a resident of Clark County, state of Nevada. *See* 28 U.S.C. § 1332(c). *See* Exhibit B, ¶3.

XVI.

Defendants are residents of Utah. *See* 28 U.S.C. § 1332(c).

XVII.

Complete diversity of citizenship existed between plaintiff and defendants at the time the plaintiff filed and served the State Court Action, and complete diversity of citizenship exists at the time of removal.

## AMOUNT IN CONTROVERSY

XVIII.

As required by 28 U.S.C. § 1332, the amount in controversy in this matter exceeds $75,000, exclusive of interest and costs.

XIX.

Plaintiff MALKIEL TRIANA MARANTE alleges that he was injured in an automobile accident on or about February 10, 2021 in Clark County, Nevada. *See* Exhibit B, ¶¶ 7, 13, and 14.

XX.

The amount of damages clause in the plaintiff's State Court Action's Prayer for Relief is consistent with Rule 8(a) of the Nevada Rules of Civil Procedure where they seek monetary general and special damages "in excess of $15,000.00" and monetary compensatory damages "in excess of $15,000.00." *See* Exhibit B, page 6.

XXI.

A defendant may remove a suit to federal court notwithstanding the failure of a plaintiff to plead a specific dollar amount in controversy. Where, as here, a plaintiff has alleged no specific amount of damages, a removing defendant must prove by a preponderance of the

evidence that the amount in controversy exceeds the jurisdictional minimum. *Lowdermilk v. United States Nat'l Assoc.,* 479 F.3d 994, 998 (9th Cir. 2007); *Abrego v. Dow Chemical Co.,* 443 F.3d 676, 683 (9th Cir. 2007).

XXII.

To satisfy the preponderance of the evidence test, a defendant must provide evidence that "it is more likely than not" that the amount in controversy is greater than $75,000. *Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398, 404 (9th Cir. 1996). The court may look beyond the complaint to determine whether the amount in controversy is met. *See Abrego* at 690.

XXIII.

A review of the plaintiff's State Court Action demonstrates that the plaintiff "more likely than not" seeks more than $75,000, exclusive of interest and costs. Specifically, plaintiff alleges that he suffered pain of body and mind, "incurred medical and other expenses incidental thereto, including pain and suffering, damage to the plaintiff, including out of pocket expenses, lost wages, and property damage, inter alia, and anticipates that he may require future medical care and treatment and incur future medical expenses, as well as future pain and suffering, all together plaintiff's damages are in an amount not yet fully ascertained but nevertheless in excess of Fifteen Thousand Dollars($15,000.00)." *See* Exhibit B, ¶14.

XXIV.

From facts known, plaintiff has alleged over $146,000 in past medical specials, which is greater than the jurisdictional amount of $75,000. Plaintiff has claimed that the subject accident required him to undergo extensive medical treatment. Moreover, plaintiff claims that he "will need additional future medical treatment."

XXV.

Taking into consideration the plaintiff's claim for past and future medical damages, pain and suffering, and lost wages it is more likely than not that plaintiff seeks damages in excess of $75,000.

. . .

**CONCLUSION**

1. Based on the foregoing, defendants have met their burden of showing that the amount in controversy more likely than not exceeds the jurisdictional requirement of $75,000.

2. This Petition for Removal is timely as it is being filed within thirty (30) days after the April 28, 2022 service of the plaintiff's complaint.

3. Because there is complete diversity of citizenship between plaintiff and defendants, and because the plaintiff is seeking damages in excess of the $75,000 jurisdictional threshold, defendants may remove this action pursuant to 28 U.S.C. §§ 1332 and 1441(b).

DATED this 19th day of May, 2022.

WINNER & BOOZE & ZARCONE

*Christine Booze*
_____
Christine Booze
Nevada Bar No. 7610
Jonathan L. Powell
Nevada Bar No. 9153
1117 South Rancho Drive
Las Vegas, Nevada 89102
*Attorneys for defendants*

## CERTIFICATE OF SERVICE

I certify that on this *19th* day of May, 2022, **DEFENDANTS' PETITION FOR REMOVAL TO FEDERAL COURT** was served on the following by [ ] hand delivery [] overnight delivery [ ] fax [x] fax and mail [ ] mailing by depositing with the U.S. mail in Las Vegas, Nevada, enclosed in a sealed envelope with first class postage prepaid, addressed as follows:

Luis A. Ayon
Michael T. Nixon
Jason B. Patchett
SOUTHWEST INJURY LAW, PLLC
8716 Spanish Ridge Avenue, Suite 120
Las Vegas, Nevada 89148
*Attorneys for plaintiff*

_____
An employee of WINNER BOOZE & ZARCONE