# Exhibit "B"

Electronically Filed
4/26/2022 1:39 PM
Steven D. Grierson
CLERK OF THE COURT

CASE NO: A-22-851677-C
Department 14

**COMP**
LUIS A. AYON, ESQ.
Nevada Bar No. 9752
MICHAEL T. NIXON, ESQ.
Nevada Bar No. 12839
JASON B. PATCHETT, ESQ.
Nevada Bar No. 13928
**SOUTHWEST INJURY LAW, PLLC**
8716 Spanish Ridge Avenue, Suite 120
Las Vegas, Nevada 89148
Telephone:   (702) 600-3200
Facsimile:    (602) 900-9947
E-Mail:       laa@swinjurylaw.com
              mtn@swinjurylaw.com
              jbp@swinjurylaw.com
*Attorneys for Plaintiff*

**EIGHTH JUDICIAL DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| MALKIEL TRIANA MARANTE, an individual; <br><br> Plaintiff, <br><br> vs. <br><br> PAUL MARTIN STRAND, an individual; MOUNTAIN WEST MILK TRANSPORT CORPORATION, a domestic corporation, DOES I through X; and ROE CORPORATIONS I through XX, inclusive, <br><br> Defendant. | Case No.: <br> Dept. No.: <br><br><br> **COMPLAINT** |

COMES NOW, Plaintiff, MALKIEL TRIANA MARANTE, by and through his attorneys, Luis A. Ayon, Esq. and Michael T. Nixon, Esq. at SOUTHWEST INJURY LAW, and for his Complaint against Defendants, and each of them, alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction pursuant to N.R.S. 3.010 and Nevada Constitution, Article VI, Section 6.

2. This Court is the proper venue pursuant to N.R.S. 13.040.

///

Page 1 of 6

**PARTIES**

3. At all times mentioned herein, Plaintiff, MALKIEL TRIANA MARANTE (hereafter "MALKIEL") is and was a resident of the County of Clark, State of Nevada.

4. Upon information and belief, Defendant PAUL MARTIN STRAND (hereafter "PAUL") is and was, at all times relevant to these proceedings, a resident of Iron County, State of Utah.

5. Upon information and belief, Defendant MOUNTAIN WEST MILK TRANSPORT CORPORATION (hereafter "MOUNTAIN WEST"), a domestic corporation engaged in interstate shipping/transportation of goods, is and was, at all times relevant to these proceedings, licensed to do business in and domiciled in Iron County, State of Utah and registered with the United States Department of Transportation as an interstate carrier, USDOT 426108.

6. The true names and capacities of Defendants named herein as DOES I through X, and ROE BUSINESS ENTITIES I through X, whether individual, corporate, associate, or otherwise, are presently unknown to Plaintiff, who, therefore, sues said defendants so designated herein is responsible in some manner for the events and occurrences referred to herein alleged, and Plaintiffs will request leave of Court to amend this Complaint to insert the true names and capacities of ROE CORPORATIONS I through X and DOES I through X, when the same have been ascertained and to join such defendants in this action. That specifically DOES I through X may be the owners and/or insureds of the vehicle driven by Defendant.

**GENERAL ALLEGATIONS**

7. On or about February 10, 2021, at approximately 3:35 p.m., Plaintiff MALKIEL, was the driver of a 2020 Toyota Camry which was traveling north on Interstate 15, in County of Clark, State of Nevada just north of the Craig Rd. on-ramp.

8. At the same time, an unidentified non-party vehicle merged in front of Plaintiff MALKIEL and slowed, causing Plaintiff MALKIEL to slow in response.

9. At the same time, Defendant PAUL, was the operator of a tractor trailer owned by Defendant MOUNTAIN WEST when he rear-ended the vehicle operated by Plaintiff MALKIEL.

10. That all the facts and circumstances that give rise to the subject lawsuit occurred in

Clark County, Nevada.

## FIRST CAUSE OF ACTION
### (For Negligence as to all Defendants)

11. Plaintiff hereby repeats and realleges the preceding paragraphs as though fully set forth herein.

12. Defendants, including Defendant PAUL, owed a duty of reasonable care to the Plaintiff.

13. Defendants, including Defendant PAUL, breached said duty of care by failing to follow at a reasonably safe distance, decrease speed, and/or by failing to prevent a collision, resulting in injuries and damages to the Plaintiff herein.

14. As a direct and proximate result of the foregoing negligence, Plaintiff MALKIEL, was injured and caused to suffer pain of body and mind and, by reason of which, incurred medical and other expenses incidental thereto, including pain and suffering, damage to the Plaintiff, including out-of-pocket expenses, lost wages, and property damage, inter alia, and anticipates that he may require future medical care and treatment and incur future medical expenses, as well as future pain and suffering, all together Plaintiff's damages are in an amount not yet fully ascertained but nevertheless in excess of Fifteen Thousand Dollars ($15,000.00).

15. It has become necessary for Plaintiff to retain the services of attorneys to prosecute this Complaint and, therefore, Plaintiff should be awarded her attorney's fees and costs of suit that are incurred as a result of this litigation.

## SECOND CAUSE OF ACTION
### (Negligence Per Se)

16. Plaintiff hereby repeats and realleges the preceding paragraphs as though fully set forth herein.

17. The acts of Defendants, including Defendant PAUL, by failing to obey the appropriate traffic laws of the State of Nevada and Clark County, including but not limited to failure maintain a reasonably safe distance behind traffic in front of him, failure to decrease speed, and failure to take other actions reasonably available to him to avoid colliding with other vehicles on the roadway, resulting in the collision, which constitutes negligence per se, and Plaintiff has

been damaged as a direct and proximate result thereof in an amount not yet fully ascertained but nevertheless in excess of Fifteen Thousand Dollars ($15,000.00).

18.  It has become necessary for Plaintiff to retain the services of attorneys to prosecute this Complaint and, therefore, Plaintiff should be awarded her attorney's fees and costs of suit that are incurred as a result of this litigation.

## THIRD CAUSE OF ACTION
**(Negligent Hiring, Training Supervision as to Defendant MOUNTAIN WEST)**

19.  Plaintiff hereby repeats and realleges the preceding paragraphs as though fully set forth herein.

20.  The acts and omissions of Defendants, including Defendant MOUNTAIN WEST, by failing to properly train, supervise, and hire/retain competent employees to operate their fleet of interstate trucks, resulted in the subject collision, and Plaintiff has been damaged as a direct and proximate result thereof in an amount not yet fully ascertained but nevertheless in excess of Fifteen Thousand Dollars ($15,000.00).

21.  It has become necessary for Plaintiff to retain the services of attorneys to prosecute this Complaint and, therefore, Plaintiff should be awarded her attorney's fees and costs of suit that are incurred as a result of this litigation.

## FOURTH CAUSE OF ACTION
**(Respondeat Superior as to Defendant MOUNTAIN WEST)**

22.  Plaintiff hereby repeats and realleges the preceding paragraphs as though fully set forth herein.

23.  Employers, masters and principals are vicariously liable for the torts committed by their employees, servants and agents if the tort occurs while the employee, servant or agent was acting in the course and scope of employment. Accordingly, pursuant to N.R.S. 41.130, Defendants, MOUNTAIN WEST, DOES and ROES and each of them, are vicariously liable for the damages caused by their employees' actions and negligence, further encompassing the actions of those hired by these Defendants to drive and operate their tractor/trailers and mechanics and independent contractors hired to maintain, inspect and repair the tractor/ trailer and tires. N.R.S.

41.130 states as follows:

> Except as otherwise provided in N.R.S. 41.745, whenever any person shall suffer personal injury by wrongful act, neglect or default of another, the person causing the injury is liable to the person injured for damages; and where the person causing the injury is employed by another person or corporation responsible for his conduct, that person or corporation so responsible is liable to the person injured for damages.

24. Defendants MOUNTAIN WEST, DOES and ROES and each of them were the employers, masters and principals of each other, the remaining Defendants, and other employees, agents, independent contractors and/or representatives who negligently failed to provide adequate supervision and proper training to its mechanics and drivers and allowed improperly maintained tractor/trailers to be operated on the road creating dangerous conditions while driving and risk of injury to be materially increased beyond those reasonably anticipated by drivers.

25. Defendants MOUNTAIN WEST, DOES and ROES were the employers, masters and principals of each other, the remaining Defendants, and other employees, agents, independent contractors and/or representatives negligently failed to provide adequate supervision and proper training to its drivers That as a direct and proximate result of the aforesaid negligence of these Defendants, and each of them, Plaintiffs suffered injuries and sustained damages in excess of $15,000.00.

26. It has become necessary for Plaintiff to retain the services of attorneys to prosecute this Complaint and, therefore, Plaintiff should be awarded her attorney's fees and costs of suit that are incurred as a result of this litigation.

**FIFTH CAUSE OF ACTION**
**(Exemplary Damages as to all Defendants)**

27. Plaintiff hereby repeats and realleges the preceding paragraphs as though fully set forth herein.

28. Operation of the particular semi-tractor trailer at issue posed an unusually high risk of danger to other motorists, requiring an elevated duty of care to protect said motorists from severe collisions with a high likelihood of causing severe and debilitating bodily injury or death. The failure of the DEFENDANTS, and each of them, to ensure that this particular semi-tractor trailer was operated in such a way as to avoid collisions with motorists such as PLAINTIFF constitutes

fraud, malice, and/or oppression and evinces a conscious disregard for the safety and wellbeing of others, warranting a claim of exemplary damages under NRS 42.010.

29.  PLAINTIFF has been damaged in an amount yet to be ascertained but nevertheless in excess of $15,000.00.

30.  It has become necessary for Plaintiff to retain the services of attorneys to prosecute this Complaint and, therefore, Plaintiff should be awarded her attorney's fees and costs of suit that are incurred as a result of this litigation

WHEREFORE, Plaintiff seeks damages as hereinafter set forth in the prayer for relief.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment against Defendants, and each and all of them, as follows:

1. For an award of general damages in excess of $15,000.00;
2. For an award of special damages in excess of $15,000.00;
3. For exemplary/punitive damages in excess of $15,000.00;
4. For reasonable attorney's fees and cost of suit incurred;
5. For pre-judgment and post-judgment interest; and
6. For such further relief as the Court may deem just and proper under the circumstances.

DATED this 26th day of April, 2022.

**SOUTHWEST INJURY LAW, PLLC**

*/s/ Luis A. Ayon*
LUIS A. AYON, ESQ.
Nevada Bar No. 9752
MICHAEL T. NIXON, ESQ.
Nevada Bar No. 12839
8716 Spanish Ridge, Suite 120
Las Vegas, Nevada 89148
*Attorney for Plaintiff*